## SANDS, respondent, v. MACLAY, appellant.

STATUTORY CONSTRUCTION — *denials in answer.* The fifty-sixth section of the Civil Practice Act, approved January 12, 1872, provides that "the answer of the defendant shall contain a specific denial to each allegation in the complaint intended to be controverted by the defendant." *Held*, that this section does not embrace denials made upon information and belief.

SAME — *affidavit of verification — denials.* The sixty-third section of the said act, which requires that "the affidavit of verification shall state, that the facts stated * * * are true * * * except as to those matters which are therein stated on" the "information and belief" of the affiant, does not modify said fifty-sixth section and authorize parties to make denials upon information and belief.

PRACTICE — *judgment on pleadings for insufficient denials.* The denials of an answer, which do not conform to the Civil Practice Act, raise no issue and thereby admit the facts stated in the complaint; and judgment may be entered thereon without striking out the answer.

STATUTORY CONSTRUCTION — *hardship.* Courts will not consider the hardship which may result from their interpretation of a statute.

PLEADING — *knowledge of party.* The court below must determine generally questions relating to the presumptive knowledge of facts by the party who states them in his pleadings.

CASE AFFIRMED. The case of *Lomme* v. *Kintzing*, 1 Mon. 290, holding that a party may move for judgment when the answer raises no material issue, affirmed.

*Appeal from Third District, Lewis and Clarke County.*

THE complaint of Sands alleged that Maclay et al. were common carriers and received goods at Corinne, which were to be carried to Helena and delivered to Sands; that the goods were lost through the negligence of Maclay *et al.*, and demanded damages.

The answer was as follows: " The defendants, * * * upon their information and belief, deny that in or about the goods in said complaint mentioned, or any thereof, these defendants were common carriers, or jointly or otherwise interested in carrying the same. And upon their said information and belief, the said defendants do deny that on * * * the plaintiffs caused to be delivered to these defendants in their said capacity of common carriers, or that these defendants, in their said capacity of common

or other carriers, received the goods in said complaint mentioned, or any thereof, and deny that they, or any of them, negligently conducted or misbehaved in regard to the said goods, or any thereof, in their said calling as carriers or otherwise. And the said defendants do, upon their information and belief, further deny that said goods, or any thereof, were delivered by plaintiffs to these defendants, or received by these defendants, or any of them, from plaintiffs to be by the said defendants carried to Helena or elsewhere, and there or otherwhere delivered to the plaintiffs for a reasonable reward to be paid them therefor or otherwise. And upon their said information and belief, the said defendants deny that by reason of any neglect, or misbehavior with reference to said goods, the same, or any thereof, were lost to plaintiffs. And the said defendants have not and cannot obtain sufficient information upon which to base a belief as to whether said goods, or any thereof, are or were lost to the plaintiffs, and they do therefore deny the same. And the said defendants do further deny, upon their information and belief, that, by reason of any thing in the plaintiffs' said complaint contained, said plaintiffs have been damaged in any sum of money whatever."

In the affidavit of verification to the answer, Maclay deposes: " Affiant further says that the defendants' said business at Corinne, Utah, was performed by agents, from whom affiant's information, on which he bases said belief, is derived. Affiant further saith that no one of the defendants, now within this county, is acquainted with the facts in said answer set forth."

Sands filed a motion that the court enter judgment in the action upon the grounds that the answer was sham and irrelevant, and raised no issue. The court, WADE, J., sustained the motion.

W. F. SANDERS and E. W. TOOLE, for appellants.

Negligence is the gravamen of respondent's cause of action. *Gay* v. *Winter*, 34 Cal. 153. Appellants deny this upon information and belief and were entitled to a trial on this issue.

No verification was necessary at common law. What the legislative power has prescribed as to the form of the verification is sufficient, and courts cannot legislate thereon. *Jones* v. *Peta-*

*luma*, 36 Cal. 234; *Vassault* v. *Austin*, 32 id. 597; *Roussin* v. *Stewart*, 33 id. 208. The verification of the answer is sufficient under the statute. Civ. Pr. Act, §§ 56, 63.

A "*specific*" denial refers to the thing denied and not the vehemence of the denial. *Gas Co.* v. *San Francisco*, 9 Cal. 473.

Vaunts of knowledge or apologies for ignorance are out of place in a pleading. "Many words, they darken speech." "Presumptively" is used in section 56 to denote a probability amounting to an almost absolute necessity. It is unreasonable to hold that appellant had a personal knowledge of the goods received by him.

A denial on information and belief is good under the statute. The verification states the fact. The purpose of a verification is to secure good faith. The law says you may deny as of absolute knowledge, but it shall be sufficient if you deny on belief, based on information. The rules of chancery pleading are not applicable. Civ. Pr. Act, §§ 47, 56; Broom's Max. 481.

CHUMASERO & CHADWICK, for respondent.

The answer does not come within the statute, and is insufficient. The denials are sham, as appellant must have known the facts stated in the complaint, or had notice thereof. *Edwards* v. *Lent*, 8 How. Pr. 28; *Kellogg* v. *Barker*, 15 Abb. 287; *Fales* v. *Hicks*, 12 How. Pr. 153; *Humphreys* v. *McCall*, 9 Cal. 59; *Brown* v. *Scott*, 25 id. 194, and cases cited.

The New York Code, under which most of these decisions were made, is nearly like that of Montana. § 149, N. Y. Code.

The denials in the answer are of facts, which appellant knew, or is presumed to know. He admits that he received the goods, and is chargeable with notice of the conditions upon which they were received. Each member of a firm is chargeable with the knowledge of the business transacted by one of the firm, or an authorized agent, and cannot plead ignorance in an answer.

The denials are not aided by the verification. The statute was amended to require specific instead of general denials. Sham modes of pleading were abolished.

The liability of appellant as common carrier cannot· be questioned. It is not sufficient to deny negligence, and appellant

must show that goods were lost by the act of God, or public enemy, and how.

KNOWLES, J. The most important question presented in this action is the right of a defendant to deny the allegations of the complaint upon information and belief.

The Practice Act of this Territory, approved December 23, 1867, in section 46, provided that the answer of the defendant should contain: "First, if the complaint be verified, a specific denial to each allegation to the complaint controverted by the defendant, or a denial thereof, according to his information and belief." Under this provision of the statute, undoubtedly, the defendant could deny upon information and belief. This section of the Code, however, was amended in 1872, and it was provided that "the answer of the defendant shall contain a specific denial to each allegation in the complaint intended to be controverted by the defendant."

Another mode of presenting an issue was also provided for, that was not in the former Practice Act, namely: "In denying any allegation in the complaint, not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue for the defendant to state that, as to any such allegation, he has not and cannot obtain sufficient knowledge or information upon which to base a belief." Civ. Pr. Act, § 56.

In this amended Code, it will be observed that the clause allowing a denial upon information and belief was left out. We must presume that this was done intentionally. Can the term, "specific denial," be made to signify both a positive or absolute denial, and a denial upon information and belief?

It is certain that the legislative assembly of 1867 did not consider that it could. If they had so understood that term, it is not reasonable to suppose that they would have provided for both a specific denial and a denial upon information and belief.

If they had held that the term "specific denial" embraced both an absolute denial and a denial upon information and belief, then the clause they put into the statute, "a denial according to information and belief," was useless, mere verbiage. The more reasonable view is, that they used the term "specific denial" as

contradistinguished from a general denial, and a denial upon information and belief. Considering this the proper construction, and the conclusion is inevitable that, by leaving out the clause "a denial according to information and belief," the legislative assembly of 1872 intended to abolish that mode of denial. However, if other courts had not come to the conclusion that a statute, amended as ours has been, excluded a denial upon information and belief, I should hesitate long before coming to such a determination. In 1851, the New York Code had a provision in relation to denials in an answer similar to our Practice Act of 1867. That provided that a defendant might make a general or specific denial of each material allegation of the complaint controverted by defendant or a denial according to knowledge, information or belief.

In 1852, the New York legislature amended this statute so that it read as follows:

"A general or specific denial of each material allegation of the complaint controverted by the defendant."

It will be seen that this amendment left out the clause "a denial according to knowledge, information, or belief."

In the case of *Thorn* v. *N. Y. C. Mills*, 10 How. Pr. 19, Mr. Justice BACON says, upon this subject: "I regard the construction put upon this section (149) by Judge DALY, in *Hacket* v. *Prichard*, 11 Leg. Obs. 315, as the true exposition of the clause in question. The clause allowing a denial according to a defendant's knowledge, information or belief, has been stricken out, and I suppose the construction of the amended section now is, that the defendant must deny absolutely, without any qualification whatever, unless he can deny that he has either knowledge or information sufficient to form a belief. Where he cannot do this, as where he has knowledge or information, and has formed a belief, he must deny positively, for he cannot traverse the allegation now, except in one of two modes. The intention of the legislature appears to have been to allow the defendant *less latitude* in traversing the complaint than before, for they have designedly omitted the provision allowing a denial upon knowledge, information or belief."

In the case of *Blake* v. *Eldred*, 18 How. Pr. 240, Mr. Justice

JAMES uses this language: "But I am inclined to think this second denial a sham. It answers on information and belief, and then denies all the allegations in the complaint 'inconsistent with the *facts*' alleged and stated in the answer. Code, § 149, requires the defendant to deny the material allegations of the complaint absolutely, or of any knowledge or information sufficient to form a belief. Answering on information and belief is not denying on information and belief; and if it were, it would not aid the pleading, because such a denial is not authorized by the Code."

To the same point, see *Hackett* v. *Richards*, 3 E. D. Smith, 13; *Therasson* v. *McSpeddon*, 2 Hilt. 1; 2 Whittaker's Pr. 80.

The case of *Edwards* v. *Lent*, 8 How. Pr. 28, is an authority apparently in conflict with those above. On an examination of the date of the rendition of the opinion, I am inclined to think it must have been given before the amendment to the New York Code in 1852. The opinion was delivered in 1852, the same year of the amendment, and no reference is made to it.

The fact that the verification prescribed in the Code provides that the affidavit shall state " that the facts stated in the pleading are true to the knowledge of the person making it, except as to those matters which are therein stated on his information and belief, and as to those matters, that he believes it to be true," is urged by the appellants with considerable force, they claiming that it was contemplated, from the verification prescribed, that every pleading in a case might have allegations upon information and belief. The answer to this is, that the verification prescribed by the New York Code contains this provision, and yet the courts in that State have rendered the decisions above referred to. The courts of that State did not consider the provisions in the section upon verification sufficient to override the positive requirements of the form of a denial prescribed by section 149 of their Code, and I do not think it sufficient to override the requirements of our Code.

It is probable that the construction I have given to section 56 of our Practice Act works a considerable hardship upon the defendants in this case, and may work a hardship in many other cases unless the section should be amended by our legislative assembly.

I must, however, construe the law as I find it and in accordance with what I conceive legal principles. The hardship of such a law is a consideration for the legislative assembly and not the courts.

There is one other denial of the defendants to be considered, namely: "And the said defendants have not, and cannot obtain sufficient information upon which to base a belief, as to whether said goods, or any thereof, are or were lost to the plaintiffs, and therefore deny the same."

Taking all of the facts into consideration, presented in the record, and the court may have well considered this denial as sham. The plaintiffs allege that the goods were delivered to the defendants as common carriers. The defendants should know whether or not they delivered said goods to the plaintiff. The only thing that is set forth, that would in any way excuse them from not having this knowledge, is the statement in the verification that the business was transacted by agents. Still the court below may have held that they ought to know enough of the conduct of their agents to have some belief or information as to their doings, and that parties could not shut their ears and refuse to receive information upon a subject of such interest to them and the person who intrusted them with his property. The question of whether a party has presumptive knowledge of a fact stated in his pleadings, must, in some measure, be left to the judgment of the court below. Considering that I have held that the other allegations of the complaint were not properly put in issue, I cannot see any error in the court below in holding that if all the other allegations of the complaint were admitted, the defendants must have presumptively had knowledge as to whether the plaintiff had lost any of the goods specified.

It is contended that, if all of these denials were sham, still the plaintiff had no right to judgment without first striking out the answer. In effect, that is the plaintiff's motion. The first ground for the motion is, "that the amended answer filed herein is sham and irrelevant." In New York, the practice of moving for a judgment on a sham or immaterial answer has been sustained, and this court has held that a party might move to strike out an answer that raised no issue, and then for judgment, or for

judgment notwithstanding the answer, on the ground that it raised no material issue. *Lomme* v. *Kintzing*, 1 Mon. 295. The courts of California have held that where an answer raised no material issue, it would be considered that the complaint was admitted. A defendant cannot present an issue in any other manner than prescribed by the Code. Hence a denial in an answer that does not conform to the requirements of the Code raises no issue.

Suppose that the form of raising an issue prescribed in the Code of alleging that the defendant has not and cannot obtain information sufficient to form a belief was stricken out, could it be contended that an issue could still be presented in that manner? I think not. The point that the record does not show that the court below took proof upon the amount for which he rendered judgment, is now for the first time raised by the dissenting opinion herein. All presumptions are in favor of the proceedings of the court below, and this court will not consider errors of this character, concerning which the defendants took no exceptions in the court below, and for which no error is assigned in the record presented to this court, or pointed out in the briefs and arguments of counsel.

For these reasons, the judgment of the court below is affirmed, with costs.

*Judgment affirmed.*

SERVIS, J., dissenting. I cannot concur in the opinion just announced. My reasons therefor are that, in my judgment, it misconceives the true office of an answer under our Code. It applies rules and principles which had their origin under other Codes, entirely dissimilar from ours, and which have been so often altered, amended and repealed as to be of little authority and less aid in the construction of our statute, now under consideration. And it also misconceives the authority of the court to render judgment as by default, pending an answer duly on file, and un disposed of by motion or demurrer.

It is undoubtedly true that the strictness of common-law rules of pleading would condemn the answer in question upon demurrer. But our Code, like all others, has abolished the formal rules of pleadings, and established in their stead others essen-

tially different. It has defined our pleadings to be the *former* allegations of the parties, and it has defined the *rule* by which their sufficiency is determined, which is that of their liberal construction, with a view to substantial justice, and this should be the Polar star, strictly observed, in construing all Codes of civil practice.

It is said that section 56, under which this answer is drawn, does not *expressly* provide that it shall or may be drawn upon information and belief. While this is true, it is also true that it does not, expressly or by implication, prohibit an answer being so drawn; and when we turn to section 63 we find a very strong implication in favor of such an answer; in fact, the form therein provided for an affidavit of verification to an answer, expressly provides, " That when the matters are stated in an answer upon information and belief," that then the affidavit shall *so state*. But it is said that this applies solely to that second mode provided for in section 56, whereby (not to deny, but) to form an *issue*, viz. : " That, in denying any allegation in the complaint, not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue, for the defendant to state that he has not, and cannot obtain sufficient knowledge or information upon which to base a belief."

I maintain that this does not annihilate that strong presumption favoring a denial upon information, as derived from section 63 of our Code. In fact, the very provision there made for the verification of an answer is utterly inapplicable to an answer, other than one of personal knowledge *or* of information. Would it not be quite *inconsistent* for a defendant to say by his answer that he has no information and no belief as to the subject-matter of a complaint, and then add thereto an affidavit, swearing that he believes the same to be true; that is, that he believes to be true that of which he has no knowledge, no information, no belief, and no means of obtaining the same ?

Counsel are mistaken in the correct rendition of our statute, when they say, in their brief, that, " In denying an allegation not presumptively within the knowledge of the defendant, *he may deny*, on information and belief, if he has not, and cannot obtain sufficient information upon which to base a belief." Our statute

does not so read. It provides that, in such case, such statement shall be sufficient to put the allegations of the complaint *in issue;* not that such statement shall so change the English language as to state a denial without denying any thing. It simply means that such statement shall operate and have the same effect in form. ing an issue as an absolute denial would have. But it is said that even then this mode will not avail the defendant of a defense, because it is charged against him by. *motion,* that the matters alleged against him are *presumptively* within his knowledge, although he *swears* to the contrary. This, however, can only apply to *one* of the denials in the answer, which does not affect the error of which I complain. And I care not further to discuss this branch of the case, other than to remark that, if ever a defendant should be in so unfortunate a. condition as to have *no belief* or *unbelief* about the subject-matter of his lawsuit, then his *presumptive knowledge* might possibly be tested, tried and determined by the court, referee or jury.

It is insisted that a proper construction of the language used in the answer under consideration, makes the pleader attempt to set up the *facts of his information* and belief as a *defense* to the action. This, I think, is straining construction beyond liberality ; for it seems to me quite apparent, and that, too, without much liberality, that it is not his *belief,* but the *facts believed to exist,* upon which he relies for his defense.

And it is further urged that the defendant has not *specifically* denied the allegations he seeks to controvert ; not that he has not specifically pointed out and stated *wherein* and *what* he controverts, but that he has so done upon information and belief, and, therefore, it is not a specific denial.

I maintain, that all that is required under our Code, in order to specifically controvert the allegations of a complaint, is for the answer to point out, state and define, wherein he so controverts the same, and then on oath aver his *belief* in the truth thereof ; and that is all that is meant by the phrase, *specifically deny.* And this the defendant has done. He has stated what he denies, *how,* and the *means* that enabled him so to deny, and swears he believes it all to be true. How else, I ask, do men usually obtain their general knowledge but upon information. When are they

at liberty to impart that information? And the answer is, when they *honestly believe it,* even to the retailing of slander, when not with evil intent.

I therefore insist, that the holding of the court in this case establishes, to say the least, a seeming inconsistent proposition of law, and a doctrine, as I think, unsupported by authority. It establishes the practice, that, if a defendant has not personal knowledge of the matters he seeks to controvert by his answer, although he may have *full information* thereof, which he *believes to be true;* yet, nevertheless, he must be turned out of court, *unless* he will consent to the commission of downright perjury by swearing that he has not, and cannot obtain knowledge or information sufficient to base a belief upon; or, in other words, if he *has* a *belief,* he cannot answer unless he will swear that he has *not* a belief. Such holding, such construction of our statute, is not in my judgment liberal, with a view to substantial justice. In many cases it would defeat the end of justice. It is wrong in principle, bad in tendency. It superinduces perjury, turns out of the temple of justice suitors, whose convictions of honesty, truth and right, would not allow them, by resort to perjury for worldly gain or the maintenance of right, to endanger their liberty here, or their happiness hereafter.

Not only for the reasons given above do I dissent from my brethren, but as well for the reason that I cannot see upon what authority the court below gave judgment for the plaintiff, without *disposing* of the answer by demurrer or motion, and without proof of the plaintiffs' claims for damages.

Under the New York Code (and perhaps that of California), it is expressly provided that in such case judgment may be rendered upon notice given to the opposite party; but, even then, if it is upon a complaint other than for the unconditional payment of money, an inquiry as to damages must be had; but no such provision is found in our statute. Judgments by default can only be rendered as provided in sections 30 and 53 of our Practice Act. Sham and irrelevant answers must be *disposed* of by motion or demurrer as provided in section 60 of that act. And no judgment can be rendered, as upon default, in any case under our civil practice, where an answer is pending until such answer

is disposed of as provided by statute. The court cannot in such case resolve itself into a common law or chancery court, and proceed to render judgment *pro confesso.*

But my brethren say that the motion for judgment in this case in effect operated as a motion to strike out, strike off, or in other words, to dispose of the answer, for the reason that it was *sham* or *irrelevant.* Concede this to be true, although a novel name and novel mode of procedure to dispose of a pleading under our statute, and how does it leave the case? It leaves a complaint for the recovery of damages upon default, upon which, as shown by the record, the court, *without proof,* proceeded to, and did, render judgment for the exact amount claimed in the complaint; and they say, that in New York the practice of *moving* for judgment on a sham answer has been sustained. That undoubtedly is true, the New York Code, as well as that of California, so provides; but even there the Code requires that an examination must be had and proof made as to the allegations of the complaint when not for the unconditional payment of money. And they refer to the case of *Lomme* v. *Kintzing,* 1 Mon. 295, as authority, where the court say: "Under our practice, where an answer raises no material issue, the plaintiff may either move that it be stricken out as sham and irrelevant *or move for judgment.*" The court, when rendering this decision, must have had before them either the New York or California Code, whereby it is expressly provided in those exact words, that such proceeding may be had, whereas our statutes make no provision for *moving for judgment.* And yet this is all the court there say in answer to the able argument of counsel in support of the proposition that no judgment could be rendered upon the pleading without proof. I cannot think the court so intended. If it did, I cannot but think it bad law, and that its reversal will be hailed by the profession as one of much needed reformation.

But it is said, for this, no error is *assigned,* and therefore the court is not bound to search for error not assigned. It must be remembered that this case is here upon *appeal,* by which the *whole* case was removed to this court with the whole record before us, and the affirmance of the judgment below is virtually, and to all intents and purposes, the judgment of this court, and we are

bound to take notice of any error appearing upon the record, most especially, where it is so apparent.

I had prepared a more lengthy discussion of this case, but, being reminded by that commanding authority cited by counsel, " Many words, they darken speech," I substituted this, with the hope that those who may think me in error, will not only take the trouble to examine the question in connection with the opinion of the court, the legislation of the various States and Territories, and the authorities cited by counsel, but also to appeal to the legislative tribunal for relief against this seeming unjust discrimination between those who may, and those who may not, care for or *fear* the dangerous crime of perjury.

WADE, C. J., concurred.