## No. 9722.

### JOHNSON *v.* WALKER-PLATH MOTOR COMPANY.

1. FRAUD—*Statements of Value,* between parties dealing at arms' length are mere expressions of opinion; so statements as to the value of certain bonds, and that they are "collectible at any bank."

2. PLEADINGS—*Statutory Denial,* must be in the exact words of the statute. An averment in the reply that "plaintiff has not and cannot obtain sufficient information, &c." held fatally defective.

The statutory denial is not permitted in traversing the contents of a public record; and the addition of an express denial as a conclusion from the statutory denial does not aid the matter.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

*Application for Supersedeas.*

*Department One.*

Mr. C. A. IRWIN, for plaintiff in error.

Mr. L. J. STARK, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE defendant in error brought an action in replevin against the plaintiff in error to recover an automobile of which it claimed ownership and right of possession. Plaintiff in error, defendant below, answered alleging that he had purchased the automobile from the plaintiff, and that soon after its purchase he had executed a chattel mortgage upon it to secure an indebtedness to a bank, and that the mortgage was of record in the office of the County Clerk and Recorder, giving book and page. To this answer a replication was filed alleging that the sale to defendant was induced by certain misrepresentations alleged to have been made by him; that the sale was fraudulent; that the bonds given as the purchase price had been tendered back and a rescission of the contract of sale had been made. Upon the trial, the defendant objected to the introduction of any evidence upon the ground that the complaint did not state a cause of action. This objection was overruled. Defendant objected also that a statutory denial in the replication of defendant's allegations to the giving of the mortgage and the filing thereof was insufficient to raise an issue. This objection also was overruled. Plaintiff had judgment and the case is now here for review.

The allegations of the replication which are supposed to state the misrepresentations upon which the sale was made are as follows: that defendant represented "That the two Rock Island Railway Company bonds of $1,000 par value each, which were offered in trade for the automobile, were a valid and existing indebtedness of the said railway company; that each of said bonds had the actual cash value of $780, exclusive of interest thereon; that the accrued interest upon said bonds amounted to $400 in cash represented by interest coupons attached to said bonds and that said sum of $400 was collectible at any bank upon presentation of said coupons." It is urged that these statements are not

such as, if false and made fraudulently, would be a ground of action for fraud; that they are mere conclusions, and not statements of any fact.

The parties were dealing at arm's length, and in that situation statements of value are the mere statements of opinion, such as a vendor may be expected to make. Whether or not 'the bonds were a valid and existing indebtedness depended upon certain facts. No such facts were stated, nor are there any facts stated from which the plaintiff drew its conclusion that the bonds were worthless. The statement that the bonds had a cash value of $780 is of the same class, only a statement of opinion. That the accrued interest amounted to $400 and was represented by interest coupons, appears from the bonds contained in the bill of exceptions to be in accordance with the fact. That they were collectible at any bank upon presentation, is also a mere statement of opinion, which is in conflict with the language of the coupons themselves. They state that they are payable at the company's office or agency in the City of New York. It is not contended that any statement of fact was made which subsequently proved to be untrue. We are of the opinion, therefore, that the objection that the complaint stated no cause of action was well taken.

We are of opinion, also, that the second objection to the admission of evidence was good, because no issue was taken upon the allegation of the right of possession in a third person. The statutory denial in reference to that matter is as follows: "That as to whether upon said 16th day of January, 1919, the said defendant and J. C. Boyd borrowed from the Motor Bank the sum of Five Hundred Fifty Dollars and executed and delivered to the said, The Motor Bank, a chattel mortgage, which mortgage it is alleged is recorded in Book 2897 on page 144 of the chattel mortgage records of the City and County of Denver, State of Colorado, in the office of the county clerk and recorder, this plaintiff has not and cannot obtain sufficient information upon which to base a belief, and therefore denies the same. * * *" Section 56 Mills' Code provides that, "In denying

ERRATUM

<sub>C</sub>OLORADO REPORTS VOLUME 68, Page 162.
In 17th line from the bottom, read
"replication" for complaint".

any allegation in the complaint not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegations in issue, for the defendant to state, as to such allegation, that he has not and cannot obtain sufficient knowledge or information upon which to base a belief." It will be observed that the reply in this case merely states that the plaintiff has not and cannot obtain sufficient information upon which to base a belief, omitting the word "knowledge". It has been many times held that the statutory denial must be in the exact words of the statute. *Grand Valley Irr. Co. v. Lesher,* 28 Colo. 273, 65 Pac. 44; *Welles v. Colo. Nat. Life Assn. Co.,* 49 Colo. 508, 113 Pac. 524. This is a general rule in the Code States. The reply is, therefore, bad. It is insufficient also in another respect in that the plaintiff alleges that he has not and cannot obtain information upon which to base a belief, although the answer points him to the records as a source of such information. It is settled law that in such a case a party may not take advantage of the statutory denial. *Mulcahy v. Buckley,* 100 Calif. 484, 35 Pac. 144; *Goodell v. Blumer,* 41 Wis. 436; Pomeroy Code Remedies (4th ed.), sec. 531. The adding of the words "therefore denies the same" does not make the answer good. *San Francisco Gas Co. v. San Francisco,* 9 Calif. 453; *State v. Butte Water Co.,* 18 Mont. 199, 44 Pac. 966; *Corbin v. Commonwealth,* 59 Ky. (2 Met.) 380. The statutory denial was intended to be used only when the circumstances of the case are such that the party pleading cannot, from want of knowledge or information, and inability to obtain the information, fairly admit or deny an allegation in the opposing pleading. It was not intended as an excuse for failing to deny specifically, or generally, when that could be done by proper effort to obtain the required information. The plea of property in a third person was, therefore, not denied. This defeated plaintiff's right of recovery, and the holding to the contrary was error. The judgment is accordingly reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.