No. 9970.

## THE WALKER-PLATH MOTOR COMPANY *v.* JOHNSON.

Decided April 4, 1921.

Action in replevin. Judgment of dismissal.

*Reversed.*

*On Application for Supersedeas.* '

1. APPEAL AND ERROR—*New Trial.* The supreme court in reversing a judgment, inadvertently stated that the complaint alleged no cause of action. On retrial, a motion to dismiss on the ground that the appellate court had held the complaint insufficient, was sustained. The cause again coming to the supreme court, and it appearing that the pleadings presented an issue which should be tried, the judgment of dismissal was reversed and the cause remanded.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. L. J. STARK, Mr. W. L. BOATRIGHT, for plaintiff in error.

Mr. C. A. IRWIN, for defendant in error.

*Department Two.*

MR. JUSTICE TELLER delivered the opinion of the court.

THIS is an action in replevin in which the plaintiff in error sought to recover an automobile from the defendant in error. The complaint is in the usual form of an action of that kind.

The defendant answered alleging a purchase of the automobile from the plaintiff, and denying the former's title and right of possession. The plaintiff, by replication, alleged matters intended to show that the supposed sale was invalid because of fraud on the part of the vendees. The plaintiffs having recovered, the defendant brought the cause here on error and the judgment was reversed. *Johnson v. Motor Co.,* 68 Colo. 160, 187 Pac. 1029. The ground of the re-

versal was that certain statutory denials were insufficient, and that the replication which attempted to set up fraud in the sale was insufficient for that purpose. In the opinion, however, it was inadvertently stated that it was the complaint which alleged no cause of action. A reading of the opinion shows that the court intended no criticism of the complaint. Upon a second trial of the cause, a motion to dismiss the case upon the ground that this court had held the complaint insufficient, was sustained. The cause was thereupon dismissed.

The trial court was evidently misled by the unfortunate statement in the opinion that the complaint was bad.

The amended replication contains allegations which supply the deficiencies in the first replication, and present an issue which should be tried.

The judgment is therefore reversed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.