LARGEY, APPELLANT, v. CHAPMAN ET AL., RESPONDENTS.

[Submitted October 5, 1896. Decided November 9, 1896.]

ATTACHMENT—*Waiver of security—Mortgage.*—A surety on a promissory note whose liability has been secured by a chattel mortgage cannot, upon being obliged to pay the note, waive the mortgage security and proceed by attachment against his principals to recover the debt, but must foreclose the mortgage as required by section 358 of the Code of Civil Procedure (1887) relating to the foreclosure of mortgages and providing that "there shall be but one action for the recovery of any debt, or the enforcement of any rights, secured by mortgage upon real or personal property, which action shall be in accordance with the provisions of this chapter." (*Parberry* v. *Woodson Sheep Co., ante,* 317, distinguished.) But this decision does not affect the question of enforcing the debt by exercising a power of sale contained in the mortgage. (*First National Bank* v. *Bell S. & C. M. Co.,* 8 Mont. 32, cited.)

SAME—*Affidavit—Mortgage security.*—The plaintiff in attachment being required to make an affidavit stating that the debt is not secured by a mortgage, lien or pledge upon real or personal property, or, if so secured, that the same has become insufficient by the act of the defendant or by any means has become nugatory, a judgment on the pleadings for the defendant in an attachment suit is proper where the answer alleged that the indebtedness was secured by a chattel mortgage which had never been foreclosed, and there was no averment in reply that the security had become nugatory or that it had became insufficient by the acts of the defendants.

STATUTES—*Construction.*—In adopting the statute of another state we adopt the construction placed upon it by the courts of that state. (*First National Bank* v. *Bell S. & C. M. Co.,* 8 Mont. 32; *Stackpole* v. *Hallahan,* 16 Mont. 40; *Murray* v. *Heinze,* 17 Mont. 353; *State* v. *O'Brien, ante,* 1; *State ex rel. Milsted* v. *Butte City Water Co., ante,* 199, cited.)

JUDGMENT ON PLEADINGS—*Motion to dismiss.*—The granting of a motion to dismiss an action after the filing of a complaint, answer and replication has the effect of a judgment on the pleadings.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to recover money paid by plaintiff as surety for defendants. Judgment on the pleadings was rendered for the defendants below by McHATTON, J.   Affirmed.

*John W. Cotter* and *F. T. McBride*, for appellant.

*Charles R. Leonard* and *John T. Baldwin*, for Respondent.

DE WITT, J.—After the filing of the complaint, answer and replication the defendants moved to dismiss the action.   This motion was granted and judgment entered in favor of defendants.   This action of the court was in effect giving judgment upon the pleadings.

The action was commenced against the defendants John Astle and J. W. Chapman.   The complaint stated that plaintiff had signed two notes with the defendants and that he, plaintiff, was in fact only surety for the defendants, and as such has been obliged to pay the notes.   He sought in this action to recover the money so paid.

Without reciting the pleadings at any length, we are satisfied to say that defendant Astle's answer sufficiently set forth that the indebtedness of defendants to plaintiff was secured by a chattel mortgage which had never been foreclosed.   This is not denied.   Plaintiff's conten ion is that, notwithstanding the debt was secured by a chattel mortgage, he could bring the present action upon the debt and procure an attachment against the property of defendant Astel, as he did, without bringing any action to foreclose the chattel mortgage.   Respondent relies upon the provisions of Section 358, Code of Civil Procedure, 1887, which provides as follows:

"There shall be but one action for the recovery of any debt, or the enforcement of any rights, secured by mortgage upon real estate or personal property, which action shall be in accordance with the provisions of this chapter."

The chapter, to-wit: Chapter 1, title X, in which this section is found relates solely to actions for foreclosure of mortgages.   Respondent contends that under these provisions the

plaintiff could not sue or attach without bringing an action to foreclose. The district court adopted this view, and in this, we think, was correct.

We are of opinion that the plaintiff cannot by simply suing on the debt and attaching the property, and in the course of such proceedings making an affidavit that his debt is not secured by mortgage, lien or pledge upon real or personal property, thus waive the mortgage and consider it as naught. Our statute is the same as that of California and was evidently taken from that state. The supreme court of California in *Barbieri* v. *Ramelli*, 84 Cal. 154, says:

"It is contended here on the part of the defendants (appellants) that the action cannot be maintained, for the reason that it is prohibited by section 726 of the Code of Civil Procedure. That section, so far as it bears on this case, reads as follows : 'There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property.'"

We are of opinion that the point is well taken. The statute is imperative. The word "secured," in the section, does not mean that the security shall be adequate, or that in case prior liens upon it would exhaust the money derived from the land conveyed as security on a sale of it, that then the plaintiff is relieved from bringing the action to foreclose. The proper construction of the language of the statute is, that if the mortgage on its face purports to be a security to the plaintiff, then he must bring his action for foreclosure. This word has reference only to the purport of the mortgage as it appears on its face. The interpretation of it is not proper when its meaning is sought in something outside of the mortgage instrument. The plaintiff is not authorized to waive the security and bring an action on the indebtedness, and the court erred in so holding, as it did in effect, and rendering judgment for plaintiff." (See, also, *Biddell* v. *Brizzolari*, 64 Cal. 362; *Porter* v. *Muller*, 65 Cal. 512; *Brown* v. *Willis*, 67 Cal. 236; *Porter* v. *Brooks*, 35 Cal. 199.)

The plaintiff relies for his right to waive the mortgage upon

several cases which he cites in his brief.   We have examined
these cases, and we find that they are decided without regard
to a statute such as ours and that of California.   In the states
whence plaintiff's cases come, it is not provided directly by
statute that there shall be but one action for the recovery of a
debt secured by mortgage, which action shall be by fore-
closure of the mortgage.   We notice, however, in his list of
cases, that of *Ould* v. *Stoddart*, 54 Cal. 613.   But the facts
in that case were exceptional and do not disturb the doctrines
held by the California court in the other cases.   In that case
the mortgagee had gone to the state of Ohio and sued upon the
debt and obtained a judgment.   The court held that he could
not afterwards maintain an action for foreclosure in the state
of California.   There is in the case language in support of
the view of the plaintiff in this case.   But even then the later
cases in 64, 65, 67 and 84 Cal., which we have cited, sustain
the ruling of the court below in the case at bar.

We find the following in Shinn on Attachment, Section 24:

"The policy of the law, in most states, is that a creditor
holding a security by way of 'mortgage, lien or pledge upon
real or personal property' shall not resort to the summary
process of attachment until he has exhausted his security, con-
sequently if a creditor have such lien for his demand he can
not have attachment."

On the other hand we find the following remarks in Drake
on Attachment, section 35:

"The right of a creditor to sue his debtor by attachment is
not impaired by his holding collateral security for the debt.
The supreme court of Massachusetts once held that a creditor
who had received personal property in pledge for the payment
of a debt could not attach other property for that debt, without
first returning the pledge; but this position was afterwards re-
peatedly overruled by that court.   And a mortgagee of per-
sonal property may waive his right under the mortgage, and
attach the mortgaged property to satisfy the mortgage debt,
even after he has taken possession of it under the mortgage."

Again, in Shinn on Attachment, section 28, we have these
remarks :

"There is such contrariety in the laws of the different states relating to the attachment of personal property on which some third party holds a lien, that it is difficult to lay down any rule that will be universal. Generally, chattels subject to a lien cannot, unless by virtue of a special statute, be attached. But this is for the protection of the party having the lien, and if he waive his objection to the attachment, it does not lie in the mouth of the general owner to complain. Such an attachment is not void, but only voidable at the election of the possessor of the lien."

But we are of opinion that the case depends upon the statute. The statute was clearly construed in 84 Cal. above cited, and there seems to be no reason in this case to depart from the rule, that in adopting the statute we have adopted the construction. (*First National Bank* v. *Bell S. & C. M. Co.*, 8 Mont. 32; *Stackpole* v. *Hallahan*, 16 Mont. 40; *Murray* v. *Heinze*, 17 Mont. 353; *State* v. *O'Brien*, 18 Mont. 1; *State ex rel. Milsted* v. *Butte City Water Co.*, 18 Mont. 199.)

Again, it is to be observed that the case before us is distinguished from *Parberry* v. *Woodson Sheep Co.*, 18 Mont. 317, which plaintiff cites in favor of his contention. In that case the court found that the debt was not secured by mortgage, lien or pledge upon real or personal property at the time of the commencement of the action. We held that this finding of the court was supported by the evidence. It appeared by that evidence that whatever pledge, (if any,) had been given to secure the debt had been returned to the pledgor and accepted by him. Thus the pledge was terminated, if it ever existed, by the express acts and agreements of the parties.

Whatever we here hold in reference to a debt secured by mortgage being enforced by foreclosure of the mortgage does not in any way affect the question of the enforcing the debt by exercising a power of sale contained in the mortgage. (*First National Bank* v. *Bell S. & C. M. Co.*, *supra*, same case 156 U. S. 470.)

Before the decision of the motion to dismiss the case was made the plaintiff himself moved to dismiss as to Chapman,

and to pursue the action against Astle alone. This motion was denied. We do not think that the plaintiff in this case was in any way prejudiced, for even if he had dismissed as to Chapman, the fact still remained that the debt which he then sought to enforce against Astle alone was secured by at least one chattel mortgage. Our attachment law provides that before the writ is issued, the plaintiff shall 'make an affidavit stating, among other things, that the debt is not secured by a mortgage, lien or pledge upon real or personal property or, if so secured, that the same has become insufficient by the act of the defendants, or by any means has become nugatory. Therefore, if a mortgage, lien or pledge had existed the attachment could not be had, unless the same had become insufficient by the act of the defendants, or by any means had become nugatory. Neither in the original replication, nor in the second one which was offered and which the court did not allow to be filed, did the plaintiff allege either that the security had become nugatory, or that it had become insufficient by the acts of the defendants.

We are of opinion that the order of the court dismissing the case, and the judgment entered in consequence of that order are correct.

The judgment will, therefore, be affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.