THE TRAVELERS' INSURANCE COMPANY

*v.*

CLARA P. MAYO.

*Opinion filed December 22, 1897.*

1. MERGER—*when cause of action on mortgage note merges in deficiency decree.* Where the holder of a mortgage note files a bill to foreclose against all parties jointly and severally liable thereon, and obtains a foreclosure decree against them, but takes a deficiency decree, after sale, against one defendant only, no disposition being made of the case as to the others, the cause of action merges in such decree, and the other defendants are released.

2. BILLS AND NOTES—*when failure to take deficiency decree against surety releases him.* One who, though made party defendant to a proceeding to foreclose a mortgage securing a note of which he is a joint maker, is not made defendant in the deficiency decree, will be released, although, as between him and the party held in the decree, his liability on the note was that of a surety.

*Travelers' Ins. Co.* v. *Mayo,* 70 Ill. App. 627, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

ALEXANDER CLARK, for appellant.

GARNSEY & KNOX, for appellee.

Per CURIAM: This is an attachment suit brought by appellant, against appellee, in the circuit court of Will county. There was a judgment for appellee in that court,

and appellant removed the case, by appeal, to the Appellate Court for the Second District. The judgment was affirmed, and the opinion delivered by Mr. Justice LACEY was as follows:

"This was a suit in assumpsit, seeking recovery on a joint and several promissory note given by R. G. Mayo and his wife, the appellee, executed in the State of Florida June 15, 1888, for $5000, with twelve per cent interest after maturity, and due in two years. The note was payable at the appellant's office at Hartford, Connecticut, with exchange on New York. This suit was commenced in attachment against both signers of the note, and the writ levied on the real estate of appellee. She then filed pleas alleging her coverture, and that by the laws of Florida a married woman was not liable on a promissory note. The suit was dismissed as to R. G. Mayo and additional counts filed, Nos. 5 and 6 attempting to charge appellee as guarantor. The appellee then filed her fourth plea, setting up the execution of the note and mortgage on the real estate in the State of Florida, that the same was foreclosed in the circuit court in Orange county, State of Florida, and a decree of sale of foreclosure entered by said court and the real estate sold for a certain sum bid, leaving a deficiency of $4891.10, and that judgment was rendered in said court for said deficiency against the said R. G. Mayo alone, although appellee was duly served and said court had jurisdiction of her and the said Mayo, and said judgment was rendered on the said note, being the same cause of action sued on in this case, and claimed that the said note was merged in said judgment, and that the same was a bar to this action against her. The appellant then filed its seventh count, setting up as cause of action the same facts and seeking recovery on the deficiency decree. The court below sustained demurrer to said seventh count and overruled it to the fourth plea. The cause was submitted to the court, the appellant abiding its demurrer to said fourth plea, and the court ren-

dered judgment against appellant and for costs, from which judgment this appeal is taken.

"The errors assigned are, that the court erred in overruling the demurrer of the appellant to the fourth plea and in sustaining the demurrer to the seventh count of the declaration.

"The main and only question to be passed upon by this court is, whether the said deficiency decree rendered by the Florida court against R. G. Mayo alone was an extinguishment of the cause of action against appellee as well as R. G. Mayo. It is not disputed that a judgment or decree against one of two joint principals releases the other, and this rule appears to be fully established and recognized. (*Lawrence* v. *Beecher*, 116 Ind. 312; 19 N. E. Rep. 143.) The case cited holds that where there is a deficiency decree against one of several makers of a promissory note, and no disposition of the case as to the others is directly made further than to decree that their equity of redemption is barred, the cause of action is barred in a subsequent suit on the note against those not included in the deficiency decree. It would not be the case, however, where there was simply a decree of foreclosure; but a subsequent deficiency decree is in its effect a personal judgment upon the note, and where the court has jurisdiction against all the several makers and only renders judgment against one, this extinguishes his cause of action against the others. The court also further holds, that even where the note was joint and several, and where each might be sued severally, yet where all are sued as joint makers and judgment is taken against one the other makers by this action are released. The case might be different if the court had dismissed the suit against those not sought to be held, in such manner as to make it a several action against each of the makers before final judgment against one. In a case like the Indiana case, where a deficiency judgment was taken against one of several makers of a promissory note, and

no other disposition made by the court as to the others, the cause of action is merged in the judgment, and those against whom no judgment is taken are released.

"The appellant seeks to evade the force of the rule as above correctly announced, as we think, in the case cited, by the fact set out in the fourth plea, that appellee, while she signed the note as a joint maker, was in fact security for Rudolph G. Mayo, her husband, and that, therefore, her husband might be pursued to final judgment or decree without releasing her, though the court had jurisdiction of her person the same as that of her husband. This contention is based on the supposed ground that she was only secondarily liable, and that the principal, especially in equity, should be pursued to insolvency before the liability of the surety should attach, and, therefore, she is not released by the action of the court in the foreclosure and deficiency decree in the Florida case. The fact that appellee was security did not make her any the less liable jointly with the principal, and this was the position she occupied, and any suit at law brought on the note should have been against both jointly, and not against appellee in the capacity of indorser after having pursued the principal to insolvency showing a suit for that purpose to be unavailing, and not as guarantor. She occupied the position of principal and joint maker. It is true she was security, and would be, in law and in equity, so considered in any equitable defense she should make. If no rights of appellee as security had been violated by the payee she had no defense, and must answer as principal. The following cases will illustrate: *Rogers* v. *School Trustees*, 46 Ill. 428; *Lincoln* v. *Hinzey*, 51 id. 435.

"The following rule is laid down in *Lawrence* v. *Beecher*, 116 Ind. *supra:* 'Where a plaintiff voluntarily elects to take a personal judgment against one of a number of defendants severally liable, without in any way preserving his rights against others then equally liable before the court, the presumption is that he is content with the judg-

ment, and that his contentment is due to the fact that he received at the hands of the court all the relief that he was justly entitled to receive. If he desires to prevent this result he must take some steps, as he well may, to counteract this presumption. If he take no such steps, but elects to take a final judgment against one of the defendants and takes only a judgment of foreclosure against the others, he cannot justly complain if this presumption prevails against him, since he must be deemed to have obtained all the relief to which equity and justice entitle him.' The plaintiff should not be allowed 'to disturb the courts and vex the parties with many actions.'

"If appellee were security in this case and the court had full jurisdiction, as it had, of her person and subject matter of the suit and that of the principal, and entered a final deficiency decree, without dismissing the bill against her without prejudice, against the principal, the presumption would be that on account of her securityship, and some violation of her rights by the appellant as such, she was released, or that he voluntarily released her. It may be that if appellant had taken some secondary relief in its decree against appellee, whether rightfully or wrongfully, she would have been bound by it and liable according to its terms. But no such action was taken. The finding of the Florida court was, in effect, in her favor, and by its decree appellant must abide. We can see no substantial difference in appellant's favor, as claimed by its counsel, between this case and the Indiana case above cited.

"Seeing no error in the record the judgment of the court below is affirmed."

We agree with the conclusion of the Appellate Court and the reasons therefor given in the foregoing opinion, and it is adopted as the opinion of this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*