LEPPER, RESPONDENT, v. JACKSON, APPELLANT.

(No. 7,506.)
(Submitted March 21, 1936. Decided May 6, 1936.)
[57 Pac. (2d) 768.]

*Mr. George W. Farr,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Rudolph Nelstead* and *Mr. H. E. Herrick,* for Respondent, submitted a brief; *Mr. Nelstead* argued the cause orally.

266

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal by W. C. Jackson, defendant, from a judgment in favor of Benjamin F. Lepper, plaintiff, in an action on a promissory note.

In 1920 Jackson and E. A. Arnold executed and delivered to Lepper three notes for $20,000, $6,000 and $5,000, respectively, all payable in three years from date, with interest and secured by a mortgage on a business block in Miles City belonging to the makers of the notes jointly. The interest on the notes was paid for a period of ten years, but no part of the principal or interest was thereafter paid.

In 1933 Lepper instituted foreclosure proceedings and secured personal service on Arnold and others, made parties to the suit, but, as Jackson then lived in California, was compelled to secure service on Jackson by publication. The suit resulted in judgment and decree of foreclosure and order of sale of the mortgaged property in satisfaction of the judgment in the sum of $35,005.21. On decretal sale the property brought but $30,000, which, after deducting costs, was credited on the judgment, and a deficiency judgment in the sum of $5,190.96 was entered against the defendant Arnold.

On the trial the three notes were introduced in evidence, and, on entry of judgment, were indorsed by the clerk ''Merged in Judgment,'' but, when the mortgaged property sold for less than the amount of the judgment, the $20,000 and $5,000 notes were canceled as paid, and the balance remaining, or $509.04 was indorsed as a payment on the $6,000 note.

On May 1, 1934, Lepper commenced action on the last-mentioned note, alleging merely its execution, ownership in the plaintiff, and nonpayment, except as to the sum indorsed thereon, and prayed judgment for the sum of $5,190.96, with interest from October 17, 1933. By answer, Jackson admitted the execution of the note, but denied the remaining allegations of the complaint, and alleged that plaintiff is no longer the owner of the note, as it ceased to exist by being merged in the judgment. By way of special answer the defendant set up the facts concerning the foreclosure and sale and entry of deficiency judgment against Arnold, and alleged that the foreclosure decree is *res judicata* and constitutes a bar to this action, and that, by electing to foreclose the mortgage and enter the deficiency judgment against Arnold, the plaintiff waived any right to a personal judgment against defendant.

The court sustained a demurrer to the special defense and a motion to strike the affirmative allegations from the general answer, but permitted the introduction of the judgment-roll in the foreclosure suit in evidence, so that all the facts above set forth are before us for consideration.

It does not appear from the record that any part of the deficiency judgment has been paid or that such judgment is a lien upon any real property of the judgment debtor, Arnold.

In appealing from the judgment against him, Jackson has made ten specifications of error, based on the rulings of the court on the pleadings and introduction of evidence and the findings of the court, but the sole question for determination is summed up in counsel's statement that "it is our contention that the plaintiff in the foreclosure suit, having procured a deficiency judgment against Arnold, one of the defendants, thereby released the other defendant, W. C. Jackson." It is contended that this result follows inevitably from the provisions of section 9467, Revised Codes 1921, regardless of whether or not the action therein described results in a satisfaction of the debt secured by mortgage.

Section 9467 declares: "There is but one action for the recovery of debt * * * secured by mortgage upon real estate, * * * which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct the sale of the encumbered property * * * and the application of the proceeds of the sale, * * * and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien upon the real estate of such judgment debtor," etc.

The obvious purpose of the statute is to compel one who has taken security for his debt to exhaust his security before resorting to the general assets of the debtor (*State Savings Bank* v. *Albertson,* 39 Mont. 414, 102 Pac. 692; *Leffek* v. *Luedeman,* 95 Mont. 457, 27 Pac. (2d) 511, 91 A. L. R. 286); such a creditor cannot waive his security and sue on the debt (*Largey* v. *Chapman,* 18 Mont. 563, 46 Pac. 808), except by the forbearance of the debtor, who may plead the mortgage as a bar to plaintiff's action, and it becomes such a bar unless the

plaintiff can thereafter show that the security, through no fault of his, has become worthless (*Vande Veegaete* v. *Vande Veegaete*, 75 Mont. 52, 243 Pac. 1082).

When the statute is followed and the court has secured ▮▮▮▮ jurisdiction over the person of the debtor, or debtors, and the property, the debt is merged in the judgment and decree rendered, and though the property may not bring sufficient to satisfy the judgment, no further action can be brought on the debt evidenced by the note. The judgment creditor's remedy is to have a deficiency judgment entered against the judgment debtor or debtors. The deficiency judgment becomes a personal judgment against the debtor properly before the court, and, if the judgment creditor *voluntarily* elects to take personal judgment against one of two joint defendants, equally liable, without in any way preserving his rights as against the other "then equally liable before the court" and against whom he takes only a foreclosure, he must be deemed to have waived his right against these latter, and his deficiency judgment bars a subsequent action against those against whom he could have had personal judgment, had he so desired. Having thus voluntarily waived full satisfaction in a suit in which he was entitled to it, he will not be allowed "to disturb the courts, and vex the parties with many actions." (*Travelers' Ins. Co.* v. *Mayo*, 170 Ill. 498, 48 N. E. 917, 919.)

The defendant asserts that this rule applies to such a case as ▮▮ this, wherein personal service was had upon but one of the defendants, citing 42 C. J. 294, where it is said: "Where the holder of a mortgage note files a bill to foreclose against all parties jointly and severally liable thereon and obtains a decree of foreclosure against them but takes a deficiency decree against one defendant only, no disposition being made of the case as to the others, the cause of action merges in the decree and the other defendants are released." The only case cited in support of this text is the *Mayo Case,* supra, and a reading of the case demonstrates that the text-writer did not intend to convey the impression, gathered from the text, that a de-

fendant against whom a deficiency judgment could not be entered would be released by such procedure, but only that those defendants who were "equally liable before the court," because of the court's jurisdiction over their persons, would be so released.

Counsel cites several cases in this connection announcing the above rule, but in all of them personal service was had, and a judgment *in personam* could have been entered. It does not follow that where in the "one action" it is impossible to secure full satisfaction of the joint debt, as against one of the joint debtors brought in by substituted service, the debt is extinguished by the foreclosure of the mortgage and the entry of a deficiency judgment against his codebtor.

That the text-writer did not intend the text quoted from Corpus Juris, supra, to go beyond the holding in the *Mayo Case* cited and declare the rule for which contention is made, is demonstrated by what is said in succeeding sections, and particularly section 1991: "4. Action for Deficiency" (42 C. J. 300), to-wit: "Where the proceeds of the foreclosure sale are not sufficient to satisfy the mortgage debt, and the plaintiff did not recover a deficiency judgment in the foreclosure suit, or was prevented from doing so by want of authority in the court to grant it, want of jurisdiction over the defendant, or other cause, he may thereafter maintain an action against the person liable for such deficiency, basing his action on the note or bond secured by the mortgage." In support of this text cases are cited from many jurisdictions, including our own case of *Craig* v. *Burns*, 65 Mont. 550, 212 Pac. 856, 858, wherein the effect of our statute is discussed, and it is then declared: "But it does not follow that a sale of property for $18,000 satisfies and discharges an indebtedness of $22,000 merely because the judgment debtors are beyond the jurisdiction of the court," and held that in such a case the unpaid portion of the debts remains and affords grounds for a separate action, citing *Blumberg* v. *Birch,* 99 Cal. 416, 34 Pac. 102, 103, 37 Am. St. Rep. 67.

When one person has loaned money to another, the concern of the creditor is repayment; security for the note is merely to insure such repayment as far as possible; when it becomes necessary for the creditor to hale the debtor into court, the object to be accomplished is the collection of the full amount due; the reduction of the security to cash and application on the debt are but a means to the end to be accomplished. Under the law of this state, a mortgage merely creates a lien upon the property of the debtor as such security, and does not vest in the mortgagee any sort of title or estate in the mortgaged land or property. (*Morrison* v. *Farmers' & Traders' State Bank,* 70 Mont. 146, 225 Pac. 123; *Barth* v. *Ely,* 85 Mont. 310, 278 Pac. 1002.) The security given may be adequate or inadequate; if adequate, a sale of the property, or so much thereof as is necessary to satisfy the judgment, extinguishes the debt; the extinguishment of the debt, however, is not by the foreclosure, but by the payment of the full amount due. On the other hand, if the property sells for less than the amount necessary to extinguish the debt, it becomes but a credit on the debt, leaving a balance due from the debtor or debtors to the creditor.

Under the common law, and in the absence of statute, the debtor could only recover on the debt by an action at law; the foreclosure was by suit in equity, *in rem,* in which the security could be exhausted and the proceeds applied to the debt, but, if not sufficient to satisfy the debt in full, the creditor was relegated to an action at law for the remainder. (*Riley's Admr.* v. *McCord's Admr.,* 24 Mo. 265; *Johnson* v. *Shepard,* 35 Mich. 115; *Cobb* v. *Duke,* 36 Miss. 60, 72 Am. Dec. 157; *Cook* v. *Moulton,* 64 Ill. App. 429; *Webber* v. *Blanc,* 39 Fla. 224, 22 So. 655.)

In the suit in equity, being *in rem,* jurisdiction may be acquired by substituted service, but, in order to secure a judgment for the balance remaining in an action at law, or, when permissible, the entry of a deficiency judgment, personal service within the jurisdiction is necessary, as such an action is

*in personam.* (*Boucofski* v. *Jacobsen,* 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (n. s.) 898; *Wright* v. *Wimberly,* 94 Or. 1, 184 Pac. 740.)

Our statute, supra, requires that the suit *in rem* and the action *in personam*—the suit in equity and the action at law —be united in the "one action" for the debt secured by mortgage, and no further action will lie to collect any part of the debt, if full satisfaction of the debt, or a deficiency judgment against the debtor or debtors, could have been secured in the "one action." However, it is clearly not intended by the statute to bar the creditor from collecting the full amount of the indebtedness, and, if this cannot be done under the statute because of the nonresidence of the debtor, proceeding against such debtor is, in no sense, a "splitting" of a cause of action, but is an action over after the creditor has exhausted his security and his statutory remedy. Such a creditor still has a right to settlement in full and such an action is justified, if under no other provision of law, under the familiar maxim that "where there is a right there is a remedy." (*Blumberg* v. *Birch,* supra.)

Counsel for the defendant cites Ruling Case Law to the ▉ effect that a judgment on a joint obligation against one or more joint obligors is a bar to an action against any other joint obligor (15 R. C. L. 783), and it is suggested that to hold otherwise would be to permit two or more judgments to be entered on a single debt. The rule above has no application to the case at bar, as is clearly pointed out in the text from which it is taken, "Judgment as Merger of Cause of Action," it being declared specifically that "the foregoing general rule applies only to cases of joint contracts, and under both the common law and modern practice it does not apply when the contract is joint and several. On such a contract nothing short of satisfaction will prevent the obligee from maintaining as many suits as there are obligors." (15 R. C. L. 788.)

A judgment against one of several makers of a promissory note, jointly and severally liable thereon, does not merge the instrument so as to bar an·action thereon against the others. (2 Freeman on Judgments, 5th ed., sec. 571.) Section 9315, Revised Codes 1921, specifically provides for the entry of two or more judgments in a single action when the necessity arises and the liability of the defendants is joint and several. (*State ex rel. Stiefel* v. *District Court*, 37 Mont. 298, 96 Pac. 337, 340.) In the *Stiefel Case* this court made the declaration, applicable here, that "this case strikingly illustrates the necessity for the rule we are adopting. If only one judgment is to be entered * * * and that judgment determine the rights of all the parties, then it is apparent * * * such judgment * * * cannot be entered until the defendants * * * change their residence * * * to Montana, or voluntarily come to Montana and submit to the jurisdiction of the * * * court."

Jackson neither pleaded nor attempted to show that Arnold had any real estate in Montana on which the deficiency judgment might have become a lien, and, if such a showing could be said to constitute a defense to this action, by his forbearance, at least, he permitted this plaintiff to secure a judgment as on an unsecured note and cannot now say that the plaintiff may have had security or a remedy which he did not exhaust. (*Vande Veegaete* v. *Vande Veegaete*, supra.)

For the reasons stated, the judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.