LUELLA PUTERBAUGH, Plaintiff and Respondent, v. WILLIAM B. ASH et al., Defendants and Appellants.
No. 9892.
Submitted April 21, 1959. Decided July 9, 1959.
342 Pac. (2d) 742.

Horace J. Dwyer, Robert J. Boyd, Anaconda, for appellants. Horace J. Dwyer, argued orally.

J. B. C. Knight, Wade J. Dahood, Anaconda, for respondent. J. B. C. Knight argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment entered on a jury verdict and from an order denying a new trial. Appellants were defendants below. Respondent was plaintiff. The appeal is brought on the judgment roll. No bill of exceptions is before us.

The complaint was in the form of a common count for money had and received upon a balance of $6,900 claimed to be due and owing by the defendants to the plaintiff.

The answer contained four affirmative defenses:

(1)   Admitted a loan of $8,000 and $1,100 payment, but alleged repayment to be made at the convenience of the defendants, and that plaintiff made a gift to defendants of the balance;

(2)   Same as number 1 except that it omitted the allegation of gift;

(3)   Alleged the $8,000 amount as having been taken from a joint account in the names of plaintiff and defendant William B. Ash and that one-half was owned by defendant Ash; that the $1,100 payment was on a balance of $4,000 only, and that this balance was a gift to defendants;

(4)   Same as number 3 except the allegation of gift omitted and the loan alleged as repayable at the convenience of the appellants.

The matter was tried to a jury, their verdict being for the plaintiff. Judgment was thereafter entered, in which judgment, the court after adjudging the amount of $6,900 due with interest, added:

"It Is Further Ordered, Adjudged and Decreed that the original note in this cause designated for the record as Defendants' Exhibit 1 and the original mortgage in this cause desig-

nated for the record Defendants' Exhibit 2, are both merged in judgment.

"It Is Further Ordered, Adjudged and Decreed that the clerk of this court is ordered to mark the original note as merged in judgment and file same."

No objection was made by either of the parties to the action of the court in merging said note and mortgage as above, nor was any objection raised by motion for new trial.

As related before, we do not have a bill of exceptions before us. We have only the judgment roll. The judgment roll as stipulated to and settled in the court below does not include the aforementioned Defendants' Exhibits 1 and 2. A motion, by the appellants to correct and supplement the record by adding the Exhibits, was made, resisted by respondent, heard by this court, and taken under advisement pending the hearing on the merits. As will hereafter appear, we do not deem it necessary to rule on the motion, but shall consider the entire matter as if the motion were granted, that is, that we shall consider the note and mortgage.

The appellants pose the question involved as:

(1) Are the allegations of the complaint sufficient to support the judgment rendered?

(2) Were the note and mortgage merged and incorporated in the judgment due at the time of the commencement of the action?

(3) Did defendants' Exhibits Number 1 and 2, the note and mortgage, preclude the relief granted in the judgment?

Under question number 1, the appellants argue that the complaint is on a theory of a common count for money while the judgment is one of foreclosure of a mortgage and are thus so inconsistent as to make the judgment void. To reach this argument, appellants assert that the note and mortgage were *incorporated* in the judgment and thus foreclosed.

Without a bill of exceptions, we are left to speculate as to what part the exhibits played in the trial which might indicate the reason for the district court's order merging them in

the judgment. However, the following matters do appear by reference to the pleadings and the court's instructions:.

(1)  The note and mortgage were not pleaded by the defendants;

(2)  The note and mortgage were introduced as exhibits by the defendants, they being in their possession, as evidence of a gift and not as instruments in force and effect;

(3)  The note and mortgage are inconsistent with the defendants' theories contained in their affirmative defenses, of payment at will, joint ownership of the $8,000, or even of gift as alleged;

(4)  The note and mortgage merger would affect a protection to the defendants;

(5)  The action was not one of foreclosure or recovery of a debt secured by mortgage under the complaint nor raised in the answer; and

(6)  The note and mortgage were unrecorded.

The jury verdict is in strict conformity to the prayer of the complaint, that is, for the sum of $6,900 plus interest. The judgment is likewise in conformity with the prayer of the complaint and the verdict of the jury; unless, the additional order merging the note and mortgage changes the nature of the judgment from one of a common count for money had and received to one of foreclosure. Even taking this latter theory, such a judgment might be corrected by this court without the necessity of a new trial (R.C.M. 1947, section 93-3909; Miller v. Emerson, 120 Mont. 380, 186 Pac. (2d) 220) where, as here, the status of the parties on the theories advanced at trial, would not be affected.

.  The plaintiff in the cause did not receive any relief outside of the case made by her pleadings. No effort was made by the defendants, if they felt aggrieved, to have the judgment corrected by the deletion of the order merging the note and mortgage.

The appellants, defendants below, base their entire appeal on their declaration that the judgment was one of foreclosure. They

then stress R.C.M. 1947, section 93-6001, which states in part:
"There is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter."

Appellants then state a rule as follows: Plaintiff's sole statutory remedy is one of foreclosure, citing Largey v. Chapman, 18 Mont. 563, 46 Pac. 808; Advance-Rumely Thresher Co. v. Kruger, 93 Mont. 66, 16 Pac. (2d) 1102; Barth v. Ely, 85 Mont. 310, 278 Pac. 1002; and Humbird v. Arnet, 99 Mont. 499, 44 Pac. (2d) 756.

We have no argument with the rules laid down in the above cases. But, defendants did not plead the note and mortgage in bar, but quite the contrary, introduced them as exhibits as evidence of their theory of gift. This, under proper instructions, was submitted to the jury and rejected by them. Thus, as the case was pleaded and issue joined, there was no debt secured by mortgage which would make applicable the provisions of section 93-6001, supra.

In State Savings Bank v. Albertson, 39 Mont. 414, 422, 102 Pac. 692, 694, the court said that "no obligation rests upon the plaintiff in any case in stating his cause of action to show whether or not the defendant has executed a mortgage to secure the performance of the contract. The plaintiff being *prima facie* entitled to maintain his action, the fact that the obligation upon which he sues is secured by a mortgage is a matter of defense, and *the burden rests upon the defendant to make it appear by his pleading, and in doing so he must bring himself within the purview of the statute.*" Emphasis added.

The above rule was reaffirmed in Lepper v. Jackson, 102 Mont. 259, 268, 57 Pac. (2d) 768; Richardson v. Lloyd, 90 Mont. 127, 300 Pac. 254.

In Lepper v. Jackson, supra [102 Mont. 259, 57 Pac. (2d) 770], the rule is stated:

"* * * such a creditor cannot waive his security and sue on the debt (Largey v. Chapman, 18 Mont. 563, 46 Pac. 808),

except by the forbearance of the debtor, who may plead the mortgage as a bar to plaintiff's action, and it becomes such a bar unless the plaintiff can thereafter show that the security, through no fault of his, has become worthless (Vande Veegaete v. Vande Veegaete, 75 Mont. 52, 243 Pac. 1082).''

In the instant case, we are left to speculate, without a bill of exceptions, as to whether the once mortgaged property is intact or sold to an innocent purchaser or whether there ever was any property. We do know from the pleadings and instructions that the defendants did not rely on the note and mortgage, but rather took completely inconsistent positions to their very existence, they being in their possession. They cannot now be heard to complain.

Therefore, we conclude that the judgment is in conformity with the relief prayed for and with the pleadings of the cause.

Again, as to questions 2 and 3 posed by appellants, we can only speculate without a bill of exceptions on the status of the note and mortgage and what effect they might have. This we may not do. See Tiffany v. Uhde, 123 Mont. 507, 513, 216 Pac. (2d) 375; Nissen v. Western Construction Equipment Co., 133 Mont. 143, 320 Pac. (2d) 997; Dial v. Dial, 131 Mont. 310, 310 Pac. (2d) 610, 612.

For the foregoing reasons, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR, concur.