No. **91-136**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

MILTON E. JONES and HELEN C. JONES,

      Defendants and Appellants,

  v.

FIRST SECURITY BANK OF BOZEMAN,

      Plaintiff and Respondent.



APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Gerald B. Murphy and Thomas E. Smith, Moulton,
Bellingham, Longo & Mather, P.C., Billings, Montana

      For Respondent:

          Calvin L. Braaksma, Landoe, Brown, Planalp
& Kommers, P.C., Bozeman, Montana


Submitted on Briefs:  June **6, 1991**

Decided:  July **2**, 1991

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Milton and Helen Jones appeal from the order of the District Court for the Eleventh Judicial District in Flathead County, granting First Security Bank of Bozeman summary judgment in a foreclosure action. We affirm the District Court.

The issue raised by the defendants is whether the doctrines of merger or *res judicata*, or public policy prevent the Bank from obtaining a judgment in Flathead County after already obtaining a judgment in Gallatin County on the same promissory note.

This case has been before this Court previously. In First Security Bank of Bozeman v. Jones, 243 Mont. 301, 794 P.2d 679 (1990), (Jones I), we considered essentially the same facts. We will briefly summarize the proceedings in Jones I.

The defendants executed a promissory note to the Bank and pledged five parcels of property as security. Four of the parcels were located in Gallatin County and one was located in Flathead County. The defendants defaulted on the promissory note, and the Bank instituted this foreclosure action. The Bank filed two complaints--one in Flathead County and one in Gallatin County. Each complaint made reference to the other, and it was made clear that the Bank sought a single integrated foreclosure proceeding and a single judgment.

The defendants raised as affirmative defenses Montana's one-action rule, waiver, and estoppel. The District Court of Gallatin County granted the Bank's motion for summary judgment, and

2

the defendants appealed. On appeal, this Court determined that the granting of summary judgment was proper. We found that the Bank did not violate the purpose of § 71-1-222, MCA, (the one-action rule) by filing simultaneous foreclosure proceedings in both Gallatin and Flathead Counties, and stated that the Bank was attempting to comply with § 25-2-123(1)(d), MCA, which determines the proper place of trial for foreclosure actions.

On November 6, 1990, the Bank renewed its motion for summary judgment in Flathead County District Court. The defendants opposed the motion, arguing the doctrines of merger and *res judicata* prohibited the bank from acquiring a second judgment on the same promissory note. On January 28, 1991, the Flathead County District Court granted the Bank summary judgment. The defendants did not seek a stay, and both the Flathead and Gallatin properties have since been purchased by the Bank. The defendants appeal the summary judgment entered in the Flathead County District Court.

The defendants state that the doctrine of merger prohibits the Bank from acquiring a judgment in Flathead County on the same promissory note that was the basis for a judgment in Gallatin County. They contend that the note was merged into the judgment in Gallatin County, and is thereby extinguished. They cite Lepper v. Jackson, 102 Mont. 259, 57 P.2d 768 (1936), in which this Court stated:

> When the statute is followed and the court has secured jurisdiction over the person of the debtor, or debtors, and the property, the debt is merged in the judgment and

3

decree rendered, and though the property may not bring [a sum] sufficient to satisfy the judgment, no further action can be brought on the debt evidenced by the note.

The defendants contend that the merger doctrine is recognized by many of Montana's judicial districts, which have adopted rules or policies requiring the creditor to surrender the original promissory note at the time judgment is entered. They argue that a final judgment was rendered upon the promissory note by the Gallatin County District Court, and that the subsequent Flathead County District Court judgment, relying on the same note, violates the merger doctrine.

The purpose of the merger doctrine is to compel the creditor who has taken security for his debt to exhaust the security before resorting to the general assets of the debtor. Lepper, 102 Mont. at 268. That is what the Bank attempted to do in this case. The Bank strove to pursue its security in both Gallatin and Flathead Counties at the same time. By integrating the proceedings in the two counties, the Bank sought to exhaust its security in one action, thereby avoiding multiple actions. As the Court noted in Jones I, the Gallatin and Flathead actions are not sequential actions, but are, in essence, one action to seek a single recovery by means of a single, integrated, coordinated foreclosure. The Bank did not violate the merger doctrine, but in fact followed its strictures by exhausting all security in one coordinated, integrated effort.

The defendants next contend that the doctrine of *res judicata* precludes the Bank from obtaining a second judgment on the same promissory note.

This Court stated in Brault v. Smith, 209 Mont. 21, 25, 679 P.2d 236, 238 (1984) "[t]he basic proposition embraced by the doctrine of res judicata has always remained the same: a party should not be able to relitigate a matter he or she has already had an opportunity to litigate." However, as noted by the District Court and this Court in <u>Jones I</u>, the Bank is not relitigating the issue or seeking an additional judgment, but a judgment on the same obligation by means of an integrated proceeding.

The District Court found, and we agree, that:

> This Judgment is not in addition to the Judgment in Cause No. 89-298, Montana Eighteenth Judicial District Court, Gallatin County, but represents Judgment on the same obligation as described therein, it being of record in Flathead County to allow foreclosure of Flathead County real property . . . .

We conclude there is no merit to the defendants' claim that the doctrine of *res judicata* is a bar to a judgment in the Flathead County District Court.

Finally, the defendants contend that a multiple judgment on a single promissory note would be contrary to public policy. However, we have already determined in <u>Jones I</u> that the foreclosure proceedings in the two counties constituted an integrated action and a single deficiency judgment thereafter. The Bank did not

5

attempt to circumvent the one-action rule, and therefore, did not violate public policy.

We conclude that this case is a proper one for summary judgment, there being no genuine dispute over material fact. We affirm the judgment of the District Court.

_____
                        Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

July 2, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Gerald B. Murphy
MOULTON, BELLINGHAM, LONGO & MATHER
P.O. **Box** 2559
Billings, MT   59103

Calvin L. Braaksma
LANDOE, BROWN, PLANALP & KOMMERS
P.O. Box One
Bozeman, MT   59771-0001

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
        Deputy